Curia,per

Wardlaw, J.
The Stats. 16 Car., 2, c. 27, and 9 Anne, c. 14, (of force here, and the only Statutes we have concerning gaming, contracts and securities,) both provide penalties against trick and cozenage in gaming; and at common law, he who prevailed by such unfair practices, was much distinguished from the winner at fair play. But in these cases, this court perceives no necessity for entering upon the indecent enquiries, to which an examination into the mode in which unlawful gaining has been conducted might, lead.
It appears that upon the trial of each of these cases, the sale by Wilson to the defendant, was assumed by the Judge to have been proved a new contract, and that the attention of the jury was not sufficiently directed to the importance of the question, whether possession of the negroes actually passed from Wilson to the defendant. By the Statute of Anne, before cited, the bill of sale made by Saunders, was as a conveyance of goods lost at play, absolutely void, and its assignment, if unaccompanied by actual delivery of the negroes, could be no consideration for a note or other promise. The expression of the assignee’s willingness to run all risk, could make the promise no better, for such expression would be but a declaration in other terms of his willingness to give his note for what, the law regards as utterly valueless. But if the possession of the negroes was actually delivered by Saunders to Wilson, and by Wilson to *383 the defendant, then, if in truth the sale to the defendant was a new contract, untainted by gaming, there was a consideration for the note and check. The title of the goods themselves lost at play and paid down, as distinguished from their value, is even in the hands of the winner good as well against the loser as against an informer, after the expiration of three months. Vaughan vs. Whitcomb, 2 New. Rep. 413. And against a bona fide purchaser, even the loser can at no time have recovery either of goods lost and paid or of their value. Supposing, then, that Saunders, by actual delivery, paid down the negroes lost, and speedily afterwards reacquired possession, even if there should be no remedy now against him by the winner, or by one claiming under the winner, with full knowledge of the gaming, the chance that Saunders would not avoid the gaming contract, voidable only by him, before the expiration of the three months, and before the defendant should transfer the title, was in this view, the consideration of the note and check, and the failure of the defendant’s expectation could not be set up as a failure of consideration against his agreement to run all risks.
The jury, however, may be satisfied upon careful examination of all the circumstances, that the sale to the defendant, instead of being a new and valid contract, was tainted by the gaming so as to render void all seciuities attending it. An immediate purchase of goods lost at play and ostensibly paid down, by the loser from the winner, would be an evasion of the Statute too palpable to escape detection; a note given in consideration of such purchase would be a note given for money lost at play. An obligation of a third person, given by the loser as a security for goods or money lost, is not less within the letter and spirit of the enactments than an obligation of the loser himself CowperRep.4; 1 Wilson 200; l Salk. 344. Like the security given upon a purchase by the loser himself, would be a security given upon a purchase from the winner, made shortly after the delivery of the goods by a third person, who, within the knowledge of the winner, was either buying for the benefit of the loser, or under an express or tacit arrangement, previously provided for changing the form of the winnings, or because of a connexion subsisting between *384 the loser and such third person as partners in the game, oías borrower and lender.
Let a new trial then be granted in each of the cases, that the facts may be submitted to the jury, with full instructions conformable to this opinion.
Richardson, and O’Neall, JJ., concurred.
Evans, and Butler, JJ., dissented.